IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case Number 08 B 10688 |
| | ) | |
| ELB Capital, LLC, | ) | Judge Susan Sonderby |
| | ) | |
| Debtor. | ) | Chapter 7 |

To:  **By ECF**                                **By ECF**
　　 Forrest L Ingram                          William T Neary, U.S. Trustee
　　 Forrest L. Ingram, P.C.                   Office of the U.S. Trustee, Region 11
　　 79 W Monroe Street, Suite 900             219 S Dearborn St, Room 873
　　 Chicago, IL 60603                         Chicago, IL 60604

　　 **By ECF**                                **By U.S. Mail**
　　 Karen R Goodman, as Trustee               ELB CAPITAL, LLC
　　 Shefsky & Froelich Ltd                    2255 Chestnut Ave.
　　 111 East Wacker Drive, Suite 2800         Glenview, IL 60026
　　 Chicago, IL 60601

## Notice of Motion

Please take notice that on June 23, 2009 at 10:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Susan Pierson Sonderby, U.S. Bankruptcy Judge, 219 S. Dearborn Street, Chicago, Illinois, room 642, or such other judge appearing in her stead, and shall then and there present the attached Motion for Relief from Automatic Stay and at which time you may appear if you so desire.

## Certification

I, the undersigned attorney, certify that I served a copy of this Notice to the addresses set forth herein by electronic notice through ECF or by depositing the same at the U.S. Mail at 208 S. LaSalle Street, Chicago, Illinois at 5:00pm on June 15, 2009, with proper postage prepaid.

　　　　　　　　　　　　　　　　　　　　　　COHON RAIZES & REGAL LLP

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Carrie A. Dolan

Carrie A. Dolan (ARDC No. 6224808)
Cohon Raizes & Regal LLP
208 S. LaSalle Street, Suite 1860
Chicago, Illinois 60604
(312)726-2252

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case Number 08 B 10688 |
| | ) | |
| ELB Capital, LLC, | ) | Judge Susan Sonderby |
| | ) | |
| Debtor. | ) | Chapter 7 |

**Motion for Relief from Automatic Stay**

Now comes ShoreBank, by and through its attorneys, Cohon, Raizes & Regal LLP, and moves for entry of the attached order granting relief from the automatic stay and in support thereof respectfully states as follows:

1.  On April 29, 2008, Debtor commenced this action by filing a Voluntary Petition for Relief under Chapter 7 of the U.S. Bankruptcy Code.

2.  This Court has jurisdiction pursuant to 28 U.S.C §1334 and the general orders of the Northern District of Illinois. Venue is fixed in this Court pursuant to 28 U.S.C. §1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

**Revolving Loan**

3.  ShoreBank is a secured creditor of Debtor by virtue of a certain Loan and Security Agreement dated June 20, 2006, arising out of a loan transaction of the same date in which ShoreBank agreed to lend and re-lend to Maurice Byrd and Deidra Byrd ("Co-Borrowers")[1] and Debtor collectively, the sum of One Million Dollars ($1,000,000.00), for the

---

[1] The Co-Borrowers also filed Chapter 7 bankruptcy and were discharged on March 5, 2009.

2

purpose of purchasing and rehabilitating certain real estate ("Revolving Loan"). Title to each of the properties purchased with funds from the Revolving Loan was to be held in the name of Chicago Title Land Trust Company not personally, but as Trustee under Trust Agreement dated June 14, 2006, and known as Trust Number 8002346754 ("Land Trust"). Debtor secured repayment of the Revolving Loan by granting to ShoreBank an assignment of the beneficial interest in the Land Trust. On August 31, 2006, ShoreBank, Debtor and the Co-Borrowers agreed to increase the Revolving Loan to $1,600,000.  *Attached hereto as Group Exhibit A are copies of the Loan and Security Agreement, Promissory Note, Loan Modification Agreement, and Collateral Assignment of Beneficial Interest.*

4.      After applying all just credits, as of the date of the bankruptcy filing, Co-Borrowers and Debtor were indebted to ShoreBank in the sum of $1,205,431.64, jointly and severally, for this loan exclusive of interest, costs and attorneys' fees.

5.      According to Debtor's Amended Schedule A, Debtor is the owner of 100% of the beneficial interest in the Land Trust and the Land Trust as holding title to the following real estate (collectively "Properties"):

> 7901 Clyde, Chicago, Illinois;[2]
> 448 Price, Calumet City, Illinois;
> 526 Buffalo, Calumet City, Illinois;
> 14710 Dante, Dolton, Illinois;[3]
> 670 142nd Street, Dolton, Illinois; and
> 12247 Peoria, Chicago, Illinois.

---

[2] The property commonly known as 7901 Clyde, Chicago, IL is titled in ELB Capital, LLC rather than the Land Trust. ShoreBank holds a mortgage on it which secures repayment of the non-revolving loan addressed later in this motion.

[3] This property was misidentified in Debtor's Amended Schedule A as 14410 Dante, Dolton, Illlinois.

6.There is no equity in this Properties. Per Debtor's amended schedules A and D, ShoreBank holds the only security interests in the Properties and the amount due ShoreBank – $1,205,431.64 – exceeds the respective values of the Properties. The breakdown per amended schedule A is as follows:

| Property Description | Current Value |
| --- | --- |
| 448 Price, Calumet City, Illinois | 110,000.00 |
| 526 Buffalo, Calumet City, Illinois | 125,000.00 |
| 14710 Dante, Dolton, Illinois | 125,000.00 |
| 670 142nd Street, Dolton, Illinois | 130,000.00 |
| 12247 Peoria, Chicago, Illinois. | 135,000.00 |

ShoreBank's interest in Debtor's assets is also insecure as the value of the Properties are continuing to depreciate.

7.The Revolving Loan is past due for the monthly installment payments from October 1, 2007 to July 1, 2008. On July 1, 2008, the Revolving Loan matured and has not been paid.

**Non-Revolving Loan**

8.ShoreBank is a secured creditor of Debtor by virtue of a certain Promissory Note dated April 4, 2007, arising out of a loan transaction of the same date ("Non-Revolving Loan") in which ShoreBank agreed to lend to Debtor and Co-Borrowers, collectively, the sum of Nine Hundred Seventy-two Thousand Five Hundred Dollars ($972,500.00), for the purpose of purchasing and rehabilitating real estate commonly known as 7901-11 S. Clyde, Chicago, Illinois ("Clyde Property"). Debtor secured the repayment of the Non-Revolving Loan by granting to ShoreBank a mortgage on the Clyde Property. *Attached hereto as Group Exhibit B*

*are copies of the Promissory Note and Mortgage.*

9. After applying all just credits, as of the date of the bankruptcy filing, Co-Borrowers and Debtor were indebted to ShoreBank in the sum of $1,041,923.24, jointly and severally, for the Non-Revolving Loan exclusive of interest, costs and attorneys' fees.

10. There is no equity in the Clyde Property. Per Debtor's schedules A and D, ShoreBank holds the only security interests in the Clyde Property and the amounts due ShoreBank (listed as $1,002,500) exceed the value of the Clyde Property (listed as $972,500).

11. The Non-Revolving Loan is past due for the monthly installment payments of $6,657.57 from October 1, 2007 to the present, for a total default of $139,808.97, excluding late fees and attorneys fees and costs for bringing this motion.

12. Debtor's failure to make timely loan payments on the Revolving Loan and Non-Revolving Loan are cause for the automatic stay to be modified as to ShoreBank pursuant to 11 U.S.C. Section 362(d)(1).

13. Debtor is in default under the notes due to Debtor's failure to pay ShoreBank monthly installments on the Non-Revolving Note and the total due under the matured Revolving Loan.

14. There is no equity for the estate in the Debtor's beneficial interest in the Land Trust or its interest in the Clyde Property in excess of the ShoreBank's valid and perfected liens.

15. If ShoreBank is not permitted to foreclose on its security interest in Debtor's assets, it will suffer irreparable injury, loss and damage.

16. ShoreBank requests the Court order that Rule 4001(a)(3) is not applicable.

WHEREFORE, ShoreBank prays that upon a final hearing of this Motion, the stay pursuant to 11 U.S.C. Section 362 be modified to permit it to foreclose its security interests in Debtor's property referred to above and as set forth in the attached order, and that it have such other and further relief as is just.

Dated:  June 15, 2009                                            /s/ Carrie A. Dolan
                                                                 Attorney for ShoreBank

Carrie A. Dolan (ARDC No. 6224808)
Cohon Raizes & Regal LLP
208 S. LaSalle Street, Suite 1860
Chicago, Illinois 60604
(312)726-2252